**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY D. JOHNSON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-182 |
| | § | |
| TARGET CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On June 26, 2013, the report of the Magistrate Judge was entered [Doc. #17] containing the recommendation that Plaintiff Jimmy Johnson's Motion to Remand [Doc. #8] be denied.

On July 9, 2013, plaintiff filed his objections to the report and recommendation [Doc. #19].

Plaintiff objects to a number of findings of the Magistrate Judge; however, the court notes that the only question currently before it is whether defendant's notice of removal was timely filed. There is no dispute that the amount in controversy is over $75,000, and that if defendant's notice of removal is considered timely filed, the court has jurisdiction over this dispute.

The timeliness of removal is governed by 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…
>
> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (b)(3). There is no dispute that defendant could not ascertain from plaintiff's original petition filed on July 26, 2012, first amended original petition filed on August 17, 2012, or second amended original petition filed on March 22, 2013, the amount in controversy [Doc. #1]. Plaintiff contends that the amount in controversy could have been ascertained as early as October 15, 2012, when plaintiff served his answers to defendant's first set of interrogatories. Defendant argues that it was not able to ascertain that the amount in controversy was over the jurisdictional limit of this court until the March 21, 2013 hearing on the special exception.

Plaintiff objects that the Magistrate Judge's report failed to note that defendant filed its special exception in state court on August 17, 2012, but failed to set the issue for hearing until March 21, 2013 [Doc. #19 at 2-3]. The court is unclear on why this finding is necessary. It is irrelevant when defendant requested a hearing on its special exception, as the requirement for a timely removal is when the "other paper" was received by defendant. This objection is overruled.

Plaintiff also objects that the Magistrate Judge's report failed to note that the oral agreement between the parties that plaintiff would amend his pleadings to set forth the maximum amount claimed by March 1, 2013, was not in writing and not enforceable [Doc. #19 at 3]. Again, the court is unclear on why the Magistrate Judge was required to include this finding in

his report. The Magistrate Judge considered this agreement in his report as evidence that plaintiff's counsel was having difficulty calculating the amount of damages claimed by his client. The Magistrate Judge concluded that defendant's counsel should not be required to perform calculations that plaintiff's counsel was unable to do. It is absolutely irrelevant that this agreement was not in writing or not enforceable. This objection is overruled.

Plaintiff also objects that the Magistrate Judge's report fails to mention that a party is permitted to state that they "will supplement" in responses to discovery [Doc. #19 at 3]. The Magistrate Judge did not find that plaintiff's discovery responses were deficient. It is permissible, as plaintiff suggests, to state that the discovery responses will be supplemented as more information becomes available. However, the Magistrate Judge found that it was not sufficient for the purpose of constituting "other paper" containing enough information to trigger the thirty-day removal period. This objection is overruled.

Plaintiff also objects that the Magistrate Judge failed to mention or consider case law and statutes cited by plaintiff [Doc. #19 at 3-4]. Plaintiff contends that "the Fifth Circuit has held that when a pleading does not set forth specifically the amount of monetary damages, a defendant may rely on an estimation of damages calculated from the allegations in the complaint to set forth the amount in controversy." *Id*. However, the cases cited by plaintiff do not refer to a motion to remand, and are not applicable to the present case. Further, the Magistrate Judge applied the correct law in his report and recommendation. This objection is overruled.

Plaintiff also states that the Clarification Act amended removal procedure to allow the defendants to specify the amount in controversy in the notice of removal when it was not specified in the complaint [Doc. #19 at 4]. While this is an accurate statement of the law, it says

3

nothing about the timeliness of the notice of removal or what a defendant should do if it has insufficient information to form a reasonable amount in controversy.

Plaintiff objects to the Magistrate Judge's finding that "the undersigned finds that the discovery answers supplied by Plaintiff did not trigger a thirty-day period within which Defendant was given to timely remove the case," and plaintiff reasserts all of his prior arguments regarding discovery papers [Doc. #19 at 4-5]. This matter was fully considered by the Magistrate Judge, and plaintiff offers no new evidence or additional reasons why the court should reconsider his arguments now. Plaintiff essentially contends that his discovery responses filed October 15 and 16, 2012, were sufficient to allow defendant to ascertain the amount in controversy. In particular, plaintiff refers to Interrogatory 15 and the response, which reads:

> 15. State the name, address, and phone number of every person or company that has paid you or anyone, for any of the damages you claim as a result of the accident which is the subject of this suit, the amount paid and date of such payment.
>
> Answer:
>
> Plaintiff objects to this interrogatory on the basis that it is overly broad, vague, harassing, unduly burdensome, and not sufficiently limited in time or scope, and seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving the same, Plaintiff responds as follows:
>
> American Zurich Insurance Company
> PO Box 968023
> Shaumburg, IL 60196
> (214) 866-1500
> Amount paid: $97,210.63
>
> Plaintiff will supplement this response as additional payments may be made.

[Doc. #8 at Ex. 2]. Plaintiff asserts that in this interrogatory he disclosed that he was claiming American Zurich Insurance Company paid $97,210.63 for any of the damages claimed as a result of the accident that is the subject of the suit. In addition, plaintiff contends that on October 16,

2012, he provided defendant with a letter in response to defendant's requests for production that indicated American Zurich Insurance Company was asserting a lien in plaintiff's third-party case for an amount of $97,210.63. Plaintiff contends that these two documents were sufficient to allow defendant to first ascertain that the amount in controversy was above the jurisdictional limit.

The Fifth Circuit has held in *Chapman v Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), that, for the purposes of 1446(b), "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." The Court noted that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id*. The Fifth Circuit also reasoned that this same rule does not apply to "other paper." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Id*. Plaintiff's interrogatory response and letter are not sufficient to satisfy the requirement that the information regarding the amount in controversy be "unequivocally clear and certain." First, plaintiff's counsel indicated in March of 2013 that he was unable to calculate the amount himself and needed more time to do so, despite having the same information that was provided to defendant. Second, information stating that American Zurich Insurance Company paid plaintiff $97,210.63 is no indication that the amount in controversy is over the jurisdictional limit. Plaintiff is not entitled to a double recovery of damages paid by an insurer. It would require guesswork by defendant to ascertain

what amount plaintiff was seeking. *See Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 682 (N.D. Tex. 2002) ("[Plaintiff's] interrogatory answer is by no means a paradigm of lucidity; it still requires [defendant] to link ¶ 5 of [plaintiff's] petition to the 'wages' averred in response to [defendant's] clear question seeking the 'specific amount in controversy,' which [plaintiff] did not answer."); *Hurt v. Del Papa Distributing Co., L.P.*, 425 F. Supp. 2d 853, 858-59 (S.D. Tex. 2004) ("[T]he Parties' communications during discovery do anything but establish notice of FLSA claims."). The court finds that plaintiff's discovery responses do not allow defendant to ascertain the amount in controversy without substantial guesswork. "The goal of 28 U.S.C. section 1446(b) is not to provide plaintiffs with a means to trick defendants into failing to file timely removal notices… requiring defendants to guess whether a plaintiff is alleging an amount in controversy greater than [$75,000] when a plaintiff has not expressed a dollar amount for damages, or when "other paper" shows an amount of actual damages far below the jurisdictional limit, [is] unduly burdensome." *Ford v. Shoney's Restaurants, Inc.*, 900 F. Supp. 57 (E.D. Tex. 1995). For these reasons, plaintiff's objections are overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #17] is hereby adopted, and Plaintiff Jimmy Johnson's Motion to Remand [Doc. #8] is **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **August, 2013.**

_____
Ron Clark, United States District Judge