**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY D. JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-182 |
| | § | Judge Clark/Judge Mazzant |
| TARGET CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 14, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's *pro se* request to reopen his case [Doc. #68] be denied [Doc. #73]. On April 29, 2014, Plaintiff filed objections [Doc. #75].

This case was originally filed in state court, and was removed to this court on March 29, 2013. On October 28, 2013, this case was presented for mediation before Mary Burdin of Burdin Mediations. Plaintiff Jimmy Johnson was present at mediation and was represented by counsel Sheadyn R. Rogers. The mediation continued for several hours without resolution. Settlement negotiations between Plaintiff and Defendant continued for several days after mediation concluded. On November 12, 2013, counsel for Plaintiff accepted Defendant's final offer of settlement. Plaintiff signed the Comprehensive Settlement Agreement, Discharge and Release

("Settlement Agreement") on December 11, 2013, before a notary public. By signing the Settlement Agreement, Plaintiff acknowledged that he read and fully understood the terms of the agreement. Plaintiff accepted the consideration paid by Defendant for full release of his claims associated with this cause of action. On or about December 13, 2013, counsel for Plaintiff and Defendant filed an Agreed Motion to Dismiss with Prejudice. On December 19, 2013, the court granted the parties' Agreed Motion to Dismiss with Prejudice and directed the Clerk to close this civil action. The court further ordered that "all relief not previously granted is denied."

On January 28, 2014, Plaintiff filed a letter motion with the court requesting this case be reopened [Doc. #68]. Plaintiff complains that "two pieces of evidence that [weren't] heard by the advice of [his] attorney at mediation ... could have change[d] the [whole] outlook of [his case]."

The Magistrate Judge considered the relevant pleadings and found that Plaintiff accepted consideration for the full and final settlement of all claims in connection with this cause of action, that Plaintiff was represented by counsel, and signed the appropriate Settlement Agreement and agreed to the dismissal of this suit with prejudice. The Magistrate Judge determined that it appears that Plaintiff would like to reopen the case based upon the merits, not due an issue of the validity of the Settlement Agreement. The Magistrate Judge concluded that Plaintiff presents no basis for the court to conduct an evidentiary hearing in this case.

Plaintiff filed a two-page letter that the court has treated as objections. Plaintiff's objections are based upon the fact that his former counsel convinced him that he needed to settle the case, and Plaintiff believes that attorney was motivated to settle due to there being $25,000 of fees. Plaintiff now asserts that he does not believe that the settlement was fair, and proceeds to

2

explain the underlying facts of the incident leading to the lawsuit.

The Magistrate Judge was correct in recommending denial of the motion to reopen the case. Plaintiff entered into a settlement of his case based upon the merits of the case. There is no allegation that indicates that Plaintiff did not know what he was signing or that he did not agree to the settlement. Instead, he wants to reexamine the facts of the case and now believes that the amount of the settlement is unfair to him.

"Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967). "Although a district court has inherent power to enforce an agreement to settle a case pending before it summarily, when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." *Mid–South Towing Co. v. Har–Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984). The movant bears the burden of proof, and the court is empowered to make factual findings based on the evidence presented during the evidentiary hearing. *Id.* at 390–92.

The court agrees with the Magistrate Judge that the request to reopen the case is based upon the merits of the case and not a challenge to the validity or scope of the Settlement Agreement. Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiff's *pro se* request to reopen his case [Doc. #68] is **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **August, 2014.**

_____
Ron Clark, United States District Judge